**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                          :
VERNA THOMAS and MOSELL THOMAS,   :
                                                          :
                              Appellants,         :         **Civil No. 11-3417 (FLW)**
                                                          :
             v.                                          :         **MEMORANDUM**
                                                          :         **OPINION**
U.S. BANK NATIONAL ASSOCIATION, AS   :
TRUSTEE FOR CSMC MORTGAGE-BACK-   :
THROUGH CERTIFICATES, SERIES 2006-H, :
                                                          :
                              Appellee.            :
_____:

**WOLFSON, United States District Judge:**

1.  This appeal is brought by pro se Appellants Verna Thomas and Mosell Thomas ("Appellants"). They seek reversal of the United States Bankruptcy Judge's denial of their motion for reconsideration of his grant of relief from the automatic bankruptcy stay to Appellee U.S. BANK National Association, as Trustee for CSMC Mortgage-back-through Certificates, Series 2006-H ("Appellee" or "U.S. Bank"). Appellee is the primary (first) mortgage holder on Appellants' home at 43 Winston Drive, Somerset, New Jersey ("the Property").

2.  Appellants filed for Chapter 13 bankruptcy protection on December 10, 2010 without the assistance of counsel. In their Petition, Appellants listed as assets their home, i.e., the Property, several rental properties, and unsecured debt. Their proposed Chapter 13 Plan addressed only their unsecured debt and did not include any

1

      payments directed to the Property or their rental properties. Bankruptcy Docket No. 10-48206, Docket Entry No. 10 ("Chapter 13 Plan") at 1. Instead, they sought to obtain loan modifications for each of the mortgages on their various properties. Appellants indicated in their filings that they were currently involved in litigation on each of these properties "in federal and state courts ...." Chapter 13 Plan at 2.

2.     Several months after their Plan was filed, U.S. Bank filed a motion for relief from the automatic bankruptcy stay imposed by 11 U.S.C. § 362(d). Appellants did not appear on the hearing date, and the Bankruptcy Judge granted U.S. Bank's motion for relief from the stay. Thereafter, Appellants filed a motion for reconsideration which the Bankruptcy Judge denied. It is from this denial that Appellants appeal. This Court "review[s] the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion." In re Myers, 491 F.3d 120, 128 (3d Cir. 2007).

3.     Appellants argue that the Bankruptcy Judge erred in granting U.S. Bank relief from the automatic stay for two reasons: (1) they did not receive notice of the April 19, 2011 hearing at which the Bankruptcy Judge initially granted U.S. Bank's motion for relief from the automatic stay; and (2) U.S. Bank is not entitled to relief because it has not complied with the federal Helping Families Save Their Homes Act of 2009, Pub.L. No. 111-22, 123 Stat. 1632 (the "Helping Families Act").[1] It appears that, by

---

[1]     To be clear, Appellants cite to H.R. 1106—a House bill titled the Helping Families Save Their Homes Act of 2009. That bill was never passed by the Senate and did not become law. However, S. 896, a related bill with the same title was passed by both houses and enacted. That bill became the above-referenced Helping Families Act. In light of the Appellants' pro se status, the Court construes their challenge as relying upon the enacted bill as opposed to H.R. 1106.

    Regarding Appellants' pro se status, the Court further notes that the Bankruptcy Judge

referring to the Helping Families Act, Appellants mean to invoke the Home Affordable Modification Program ("HAMP") Guidelines requiring lenders to consider borrowers for loan modifications and suspend foreclosure activities while the borrower is being evaluated for a modification. Accordingly, I construe Appellants' argument as based on the HAMP Guidelines and program.[2]

4. As to Appellants' first argument, the record indicates that U.S. Bank filed a certificate of service indicating that they served Appellants with a Notice of Motion for Relief from Stay on March 23, 2011. See Bankruptcy Docket No. 10-48206, Docket Entry. No. 26-2. The certificate of service indicates that Appellants were served by e-filing, certified, and regular mail. Accordingly, the Court rejects Appellants' argument that they did not receive notice.

5. Moreover, even if Appellants did not receive notice of that hearing, they were able to present their arguments at the motion for reconsideration hearing at which the Bankruptcy Judge noted that he would "start[ ] fresh" and hear each of their

---

advised Appellants that they should retain counsel because their bankruptcy was not a "simple" one, but was one that involved not only their home but several rental properties they operated for profit. See Tr. dated May 23, 2011 ("Tr.") at 9:10 - 12:20. In addition, when Appellants expressed at the reconsideration hearing that U.S. Bank counsel and the Trustee would not explain the law to them, the Bankruptcy Judge responded by again advising Appellants to retain counsel because "[t]hat's why you need [your own] lawyer. That's what lawyers are trained to do. Read the law and give people advice." Id. at 12:4-6. Appellants chose not to retain counsel but continued to proceed pro se.

[2] I reach this conclusion because Congressional findings under the Helping Families Act indicated that it would be necessary to grant mortgage servicers authorization to enter into loan modifications consistent with guidelines from the Secretary of the Treasury. After the Act was passed, the Secretary of the Treasury issued the HAMP Guidelines. See generally Carter v. HSBC Mortg. Corp., No. CV 10-1002-PHX-MHM, 2010 WL 4792638, *1 n. 3 (D.Ariz. Nov. 18, 2010).

   challenges. Tr. dated May 23, 2011 ("Tr.") at 6:3. Indeed, at the motion for reconsideration hearing, Appellants argued their lack of notice and Helping Families Act challenges to the Bankruptcy Judge.

6. As for Appellants' second argument, courts have rejected the argument that debtors-borrowers may forestall foreclosure by relying on the HAMP Guidelines. This is because "[r]ther than requiring mandatory modifications, the statute only 'encourage[s]' servicers to modify mortgages, providing that the Secretary should 'encourage the servicers of the underlying mortgages ... to take advantage of ... available programs to minimize foreclosures." 12 U.S.C. § 5219(a)(1)." Edwards v. Aurora Loan Services, LLC, 791 F.Supp.2d 144, 153 (D.D.C. 2011). Courts have further held that "HAMP does not include a private right of action." Wallace v. Bank of America, No. 11–0038, 2011 WL 3859745, *2 n.3 (D.N.J. Aug. 30, 2011) (collecting cases). And, there is no third-party beneficiary theory available to borrowers through which they could seek to enforce the terms of any agreement governed by the HAMP Guidelines. See Thomas v. JPMorgan Chase & Co., --- F.Supp.2d ----, 2011 WL 3273477 (S.D.N.Y. 2011); Hoffman v. Bank of America, N.A., No. 10-2171, 2010 WL 2635773 (N.D.Cal. Jun. 30, 2010). Thus, it was not error for the Bankruptcy Judge to conclude that the HAMP Guidelines presented no barrier to granting Appellee's relief from the automatic stay.

7. Finally, the bankruptcy automatic stay provision and case law interpreting it make clear that the Bankruptcy Judge correctly determined that a stay was warranted. "The scope of the automatic stay provision, 11 U.S.C. § 362(a), is broad and

automatically stays all judicial actions against a debtor seeking recovery on a claim that could have been brought before commencement of the bankruptcy." Bartucci v. O'Neil, 64 Fed.Appx. 344, 345 (3d Cir. 2003) (citing Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991)). However, "[t]here are two distinct grounds under which a bankruptcy court shall grant relief [from the stay] upon request of a party." Id. (citing 11 U.S.C. § 362(d)). In this regard, section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
>> (A) the debtor does not have an equity in such property, and
>>
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (emphasis added).

8. At the motion for reconsideration hearing, the Bankruptcy Judge concluded that the Appellants did not have any equity in their property, which falls under subsection (2)(A) of the automatic stay provision. See Tr. at 16:14-19. He based this conclusion on the Appellants concession in their bankruptcy schedules that their home was worth only $300,000 and their mortgage to U.S. Bank was for $340,000. The Bankruptcy Judge further

concluded that relief was appropriate under subsection (2)(B). According to the Bankruptcy Court, the Property was not necessary to an effective reorganization because it was unlikely that the Appellants' Chapter 13 plan would be confirmed for lack of sufficient income to support the Plan. Id. at 17:1-7.

9. The Third Circuit has upheld a bankruptcy court's granting of relief from a stay where the debtor "conceded it had no equity in the property and did not contest the bankruptcy court's finding that it failed to carry its burden of proving that the property in issue was necessary to an effective reorganization." Bartucci, 64 Fed.Appx. at 346 (discussing Nazareth Nat'l Bank v. Trina-Dee, Inc., 731 F.2d 170, 171 (3d Cir. 1984)). Importantly, only one of these elements need be proven for a stay to be granted because the elements "are stated conjunctively and both requirements must be satisfied ...." Norton Bankruptcy Law and Practice 3d § 43:47; see Nazareth, 731 F.2d at 171 (explaining that relief may be proper on subsection (2)(B) alone).

10. Here, as the Bankruptcy Judge noted, the Appellants have plainly conceded that they do not own any equity in their home. See Schedule A (listing value of 43 Winston Dr. as $300,000 and amount of U.S. Bank's secured claim as $340,000). Moreover, in their appeal to this Court, they have not contested the Bankruptcy Judge's conclusion that the property is necessary to an effective reorganization. As this latter element is Appellants' burden to prove, see Nazareth, 731 F.2d at 171 ("[T]he debtor had the burden of proving that the property in issue is necessary to an effective reorganization."), they have failed to demonstrate that the Bankruptcy Judge's reasoning was erroneous. Accordingly, I conclude that the Bankruptcy Judge did not abuse his discretion in denying Appellants' motion for

reconsideration.

11. For the foregoing reasons, Appellants' appeal is DENIED and the Bankruptcy Court's decision dated April 19, 2011 is AFFIRMED.

Dated: February 28, 2012                                      /s/ Freda Wolfson
                                                              Honorable Freda L. Wolfson
                                                              United States District Judge